UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARKEITH MOSBY, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  No. 20-1189 |
| | ) |
| MICHAEL P. MELVIN, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendant Warden Michael Melvin, Major Susan Prentice and various Jane and John Doe Tactical Team Members violated his constitutional rights at Pontiac Correctional Center. Plaintiff has identified three groups of Doe Defendants including an extraction tactical team, a tactical team in the chow hall, and correctional officers assigned to 1 gallery.

Plaintiff says on February 21, 2018, he was in his cell recovering from a lung biopsy when several members of the tactical team arrived. "Without warning or provocation," Plaintiff claims a member of the team sprayed a chemical agent into his

1

cell. (Comp, p. 1). Plaintiff was handcuffed and taken to the outside "recreational cages" where he was handcuffed to the cage with his "wrists up near the top of my back." (Comp., p. 2). Plaintiff remained in this painful condition for more than two hours.

In addition, the outside temperature was below zero and Plaintiff was not given an opportunity to put on appropriate clothes before he was forced to stay outside. Plaintiff says the freezing conditions added to the pain he suffered.

Apparently other inmates were also taken outside because Plaintiff alleges Defendant Prentice said "y'all want to assault staff, ya'll sit out here and freeze." (Comp., p. 2). Plaintiff claims he never took part in an assault and he "was in no physical shape to participate in any staff assaults." (Comp., p. 2).

After the wait outside, tactical team members then took Plaintiff to the chow hall where he again remained in handcuffs. Plaintiff says he repeatedly asked Defendants Melvin, Prentice, and other tactical team members to let him use the restroom, but each time they refused. "I was left with no choice but to suffer the humiliation of urinating & defecating on myself." (Comp, p. 2). Plaintiff sys he remained handcuffed in the chow hall for approximately eight hours total. Plaintiff was never allowed to wash off the chemical spray during this time.

Plaintiff was finally taken to Cell N-111 where he was stripped to his underwear, denied a mattress, bedding, running water, and heat. Plaintiff complained to all Correctional Officers assigned to the unit, but he was told Defendant Prentice had instructed staff not to give the inmates anything.

After 72 hours, Plaintiff was given a mattress and bedding and the water and heat were turned back on

Plaintiff has adequately alleged various violations of his Eighth Amendment rights including: 1) the tactical team's use of excessive force on February 21, 2016; 2) Defendant Prentice and the tactical team leaving Plaintiff handcuffed in painful position in freezing temperatures for two hours on February 21, 2016; 3) Defendants Melvin, Prentice, and the chow hall tactical team members forcing Plaintiff to remain handcuffed and refusing to allow him to use the bathroom for eight hours on February 21, 2016: and 4) Defendant Prentice ordering Plaintiff into a cell with no heat, water, bedding, or clothing from February 21, 2016 through February 23, 2016.  Although Plaintiff also refers to all correctional officers assigned to his housing unit during this three-day period, Plaintiff admits he was told the conditions came at the direction of Defendant Prentice.  In addition, it is unclear why Plaintiff was unable to identify any correctional officers since housing unit officers are not in tactical team gear.

The Court does have some concerns over Plaintiff's allegations.  First, Plaintiff has not identified most of the individuals involved.  The Court will serve the identified individuals and will assist Plaintiff to the extent possible to determine the names of the appropriate individuals.  However, if Plaintiff has the names of any of the tactical team members from disciplinary reports or grievances, he should immediately provide the names and clarify their involvement.

Second, Plaintiff alleges the incidents occurred between February 21 to February 23, 2018, but he failed to file his complaint until May 12, 2020. [1]. Plaintiff's claims are

3

subject to a two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Since Plaintiff was aware of the alleged constitutional violations on the day they occurred, the deadline for filing his complaint was February 23, 2020.

Nonetheless, it is not clear from the face of Plaintiff's complaint that his claims are barred by the statute of limitations period since his claims were tolled during the grievance process. *See Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007)(statute of limitations clock begins when claim accrues, stops during grievance procedure, and restarts when procedure is complete). While not required in his complaint, Plaintiff also fails to mention whether he had exhausted his administrative remedies.

If Plaintiff failed to exhaust his available administrative remedies or he believes his claims are barred by the two-year statute of limitations period, he may file a motion for leave to dismiss his complaint within 21 days. Otherwise, these are issues which must be addressed in an initial motion for summary judgment before discovery on the merits.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Warden Michael Melvin, Major Susan Prentice, Tactical Team Members on the extraction team, and Tactical Team Members assigned to the chow hall violated his Eighth Amendment rights in four ways including: a) the tactical team's use of excessive force on February 21, 2016; b) Defendant Prentice and the tactical team left Plaintiff handcuffed in a

painful position in freezing temperatures for two hours on February 21, 2016; c) Defendants Melvin, Prentice, and the chow hall tactical team members forced Plaintiff to remain handcuffed and refused to allow him to use the bathroom for eight hours on February 21, 2016: and d) Defendant Prentice ordered Plaintiff into a cell with no heat, water, bedding, or clothing from February 21, 2016 through February 23, 2016. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

**8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**10) Plaintiff should provide any additional information to identify the Jane or John Doe Defendants within 21 days of this order. If Plaintiff can provide any specific names, he must explain the specific involvement of each individual identified.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Jane or John Does assigned to 1 gallery for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on named Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 21st day of October, 2020.

                                          s/James E. Shadid
                   _____
                           JAMES E. SHADID
                     UNITED STATES DISTRICT JUDGE